IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| Level 12 Productions, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: |
| v. | ) | |
| | ) | |
| Daily Wire, LLC, | ) | JURY TRIAL DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Level 12 Productions, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Daily Wire, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.     This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2.     Brendan Gutenschwager ("*Gutenschwager*") created a series of videos (hereinafter referred to collectively as the "*Videos*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.     Defendant owns and operates a website at www.dailywire.com (the "*Website*").

4.     Defendant owns and operates a social media account on www.youtube.com known as "@BenShapiro" ("*Account 1*").

5.     Defendant owns and operates a social media account on www.youtube.com known as "@MichaelKnowles" ("*Account 2*").

6.     At all material times hereto, Defendant owned and operated a social media account on www.youtube.com previously known as the "@Candace Owens Podcast" ("*Account 3*").

7.     Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Videos on the Website as well as the accounts (hereinafter the social media platforms set forth above are referred to collectively as the "*Accounts*") and engaged in this misconduct

1

knowingly and in violation of the United States copyright laws.

## PARTIES

8.      Level 12 Productions, LLC is a New York limited liability company and maintains its principal place of business in Wayne County, Michigan.

9.      Upon information and belief, defendant The Daily Wire, LLC, is a Texas limited liability company with a principal place of business at 1831 12th Avenue South, Nashville in Davidson County, Tennessee.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Tennessee.

12.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A.      **Plaintiff's Copyright Ownership**

13.     Plaintiff is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

14.     Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

15.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

16.     Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

17.     On April 29, 2023, Gutenschwager first published a video of American singer-

songwriter and pianist John Legend and American model Christine "Chrissy" Teigen attending the White House Correspondents' dinner ("*Video 1*"). A copy of a screengrab of Video 1 is attached hereto collectively as <u>Exhibit 1</u>.

18. On May 5, 2023, Video 1 was registered by the USCO under Registration No. PA 2-432-309.

19. On August 24, 2023, Gutenschwager first published a video of protestors outside the Fulton County jail in Atlanta, Georgia ("*Video 2*"). A copy of a screengrab of Video 2 is attached hereto collectively as <u>Exhibit 1</u>.

20. On September 15, 2023, Video 2 was registered by the USCO under Registration No. PA 2-436-708.

21. On April 30, 2024, Gutenschwager first published a video of protestors occupying a building at Cal Poly Humboldt ("*Video 3*"). A copy of a screengrab of Video 3 is attached hereto collectively as <u>Exhibit 1</u>.

22. On May 13, 2024, Video 3 was registered by the USCO under Registration No. PA 2-473-473.

23. In creating the Videos, Gutenschwager personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recordings and made each and every artistic determination necessary for the creation of the works.

24. Gutenschwager created the Videos with the intention of them being used commercially and for the purpose of display and/or public distribution.

25. Plaintiff acquired the rights in and to the Videos by way of written assignment.

**B.** <u>**Defendant's Infringing Activity**</u>

26. Defendant is the registered owner of the Website and is responsible for its content.

27. Defendant is the operator of the Website and is responsible for its content.

28. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

29. The Website is monetized in that it contains paid advertisements and, on

3

information and belief, Defendant profits from these activities.

30. The Website is monetized in that it sells merchandise and offers subscription services to the public and, on information and belief, Defendant profits from these activities.

31. At all material times hereto, Defendant is the registered owner of the Accounts and is responsible for their content.

32. At all material times hereto, Defendant is the operator of the Accounts and is responsible for their content.

33. At all material times hereto, the Accounts are part of and used to advance Defendant's commercial enterprise.

34. Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

35. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that material used in their on-line posts have been properly licensed.

36. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

37. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

38. Upon information and belief, a number of copyright lawsuits have been filed against Defendant highlighting a pattern of habitual infringement and suggesting Defendant has either failed to rectify systemic issues leading to these infringements or is willfully neglecting copyright laws.

39. Defendant's failure to adopt or effectively enforce internal copyright policies, if

any, indicates *de facto* willful infringement.

40.     On or about May 1, 2023, without permission or authorization from Plaintiff, Defendant volitionally displayed Video 1 on the Website as part of an on-line story at URL: https://www.dailywire.com/news/absolute-humiliation-megyn-kelly-slams-chrissy-teigen-appearing-at-whcd-in-non-existent-dress ("*Infringement 1*"). A copy of a screengrab depicting Infringement 1 on the Website is attached hereto collectively as Exhibit 2.

41.     Further, on or about May 1, 2023, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Video 1 on the Accounts as part of on-line posts at URLs: https://www.youtube.com/watch?v=K9Har1RpPBQ ("*Infringement 2*"); https://www.youtube.com/watch?v=l8p4NBF7S14 ("*Infringement 3*"); https://www.youtube.com/watch?v=H0RMQ5-qCr4 ("*Infringement 4*"); and https://www.youtube.com/shorts/Uhwr3-fFO38 ("*Infringement 5*"). Copies of screengrabs depicting Infringements 2-5 on the Accounts are attached hereto collectively as Exhibit 2.

42.     On or about August 24, 2023, without permission or authorization from Plaintiff, Defendant volitionally displayed Video 2 on the Website as part of an on-line story at URL: https://www.dailywire.com/news/large-crowd-gathers-outside-of-fulton-county-jail-awaiting-trumps-arrival ("*Infringement 6*"). A copy of a screengrab depicting Infringement 6 on the Website is attached hereto collectively as Exhibit 2.

43.     On or about April 30, 2024, without permission or authorization from Plaintiff, Defendant volitionally displayed Video 3 on the Website as part of an on-line story at URL: https://www.dailywire.com/news/dozens-arrested-after-police-break-up-anti-israel-occupation-on-cal-poly-humboldt-campus ("*Infringement 7*"). A copy of a screengrab depicting Infringement 7 on the Website is attached hereto collectively as Exhibit 2.

44.     The Infringements are copies of Plaintiff's original video recordings that were directly copied and/or displayed on the Website as well as the Accounts by Defendant.

45.     Upon information and belief, the Videos were copied and/or displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the

Videos.

46.     The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit them to be communicated for a period of more than a transitory duration and therefore constitute specific infringements.

47.     Upon information and belief, at all material times hereto, Defendant takes an active and pervasive role in the content posted on the Website as well as the Accounts, including, but not limited to copying, posting, selecting, commenting on, and displaying video recordings including but not limited to Plaintiff's Videos.

48.     Upon information and belief, the Videos were willfully and volitionally posted to the Website as well as the Accounts by Defendant.

49.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements were apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

50.     Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

51.     Upon information and belief, at all material times hereto, Defendant had complete control over and actively reviewed and monitored the content posted on the Website as well as the Accounts.

52.     Upon information and belief, at all material times hereto, Defendant has the legal right and ability to control and limit the infringing activities on the Website as well as the Accounts and exercised and/or had the right and ability to exercise such right.

53.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

54.     Upon information and belief, Defendant routinely uses videos and photographs

6

created by photojournalists on its Website without purchasing the story from the journalist who created it thereby allowing it to repackage the news for its own profit without any expense associated with acquiring it.

55. Upon information and belief, the Infringements increased traffic to the Website as well as the Accounts and, in turn, caused Defendant to realize an increase in its business revenues.

56. Upon information and belief, a large number of people have viewed the unlawful copies of the Videos on the Website as well as the Accounts.

57. Upon information and belief, Defendant at all times had the ability to stop the reproduction and/or display of Plaintiff's copyrighted material.

58. Defendant's use of the Videos harmed the actual market for the Videos.

59. Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

60. On October 12, 2023, Plaintiff, via counsel, sent a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

61. Thereafter, on May 18, 2024, and June 28, 2024, Plaintiff, via counsel, sent a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

62. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

63. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

64. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

65. The Videos are original, creative works in which Plaintiff owns valid copyrights.

66. The Videos are properly registered with the USCO and Plaintiff has complied with

all statutory formalities under the Copyright Act and under regulations published by the USCO.

67.     Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

68.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

69.     Defendant's reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

70.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority.

71.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

72.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

73.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### *(Vicarious Copyright Infringement)*

74.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every

allegation contained in the preceding paragraphs, as though set forth in full herein.

75. Upon information and belief, at all material times hereto, Defendant had the right and ability to supervise and/or control the infringing conduct of its Employees, Agents, Affiliates, Vendors and/or members, including Katie Jerkovich, Ben Shapiro, Michael Knowles, Candace Owens, Zach Jewell and Tim Pearce, and declined to exercise the right and ability to supervise or control that infringing conduct despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

76. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendant has continued to infringe upon Plaintiff's Videos, which in turn generates profits for Defendant directly from the use of the Infringement.

77. Defendant enjoyed a direct financial benefit from the Infringement from *inter alia*, advertising revenue from the increased traffic to its Website and Accounts and from increase in fees paid by advertisers and sponsors.

78. Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Videos to increase user traffic to the Website and Accounts, thereby increasing advertising revenue.

79. Defendant is liable as a vicarious infringer since it profited from the Infringements while declining to exercise a right to stop or limit them.

80. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code.

81. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

82. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant

to 17 U.S.C. § 505.

83.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

84.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.     finding that Defendant infringed Plaintiff's copyright interest in and to the Videos by copying and displaying them without a license or consent;

b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: February 10, 2025

**SANDERS LAW GROUP**

By:     */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 130212

*Attorneys for Plaintiff*